IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
TENNESSEE, EASTERN DIVISION

| | |
|---|---|
| CYNTHIA GRIFFITH, CARISSA GRIFFITH, and NICHOLAS RIPLEY<br><br>    Plaintiffs,<br><br>v.<br><br>JUAN MANUEL ALEMAN, and CCS TRUCKING, INC.<br><br>    Defendants. | Docket No. 1:15-cv-01302<br>JURY DEMANDED |

ORDER GRANTING PLAINTIFF'S MOTION TO
EXTEND TIME TO EFFECT SERVICE OF PROCESS AND
DENYING DEFENDANT'S MOTION TO DISMISS

Plaintiff, Nicholas Ripley, initiated this action against the Defendants, CCS Trucking ("CCS"), and its truck driver, Juan Manuel Aleman, on November 4, 2015, in the Madison County, Tennessee, Circuit Court. (Docket Entry ("D.E.") 1.)[1] This case arises from a 2014 automobile accident in Jackson, Tennessee, between a vehicle in which Ripley was a passenger and an eighteen-wheel tractor-trailer driven by Aleman and owned by CCS. (D.E. 1-1 at 1-2.) The complaint alleged that Aleman was negligent in the operation of the tractor-trailer. CCS's liability is predicated on the assertion that Aleman was performing its business and was "acting within the scope and course of his employment," with CCS's "knowledge, permission, and consent." (D.E. 1-1 at 5.) Summonses were issued as to both Defendants, (D.E. 1-2, 16-1), and Aleman was served via certified mail on November 13, 2015. (D.E. 2-1.) The summons issued to CCS, however, was returned unserved. (D.E. 16-1.)

On December 11, 2015, Aleman removed the lawsuit to this Court, invoking diversity

---

[1] Two additional plaintiffs, Cynthia Griffith and Carissa Griffith, reached a settlement with the Defendants, and dismissed their claims against the Defendants. (*See* D.E. 20.)

1

jurisdiction pursuant to 28 U.S.C. § 1332. (D.E. 1.) Plaintiff moved to remand the case to state court on February 29, 2016, (D.E. 8), but the motion was denied (D.E. 15).

On June 30, 2016, Defendant CCS moved to dismiss the claims against it due to Ripley's failure to effect service of process. (D.E. 16.) Plaintiff responds that, before the case was removed, he had been unaware of the unserved process. (D.E. 18.) The removal and subsequent motion for remand made it unclear, until the Court ruled on the motion, in which court he should reattempt service of process. (D.E. 18.) He requests an extension of time in which to serve CCS. (*Id.*)

Federal Rule of Civil Procedure 4(m) provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The rule does not define "good cause"; however, the Sixth Circuit has held that district courts may, within their discretion, make a finding of good cause. *Johnson v. Hayden*, 229 F.3d 1152 (6th Cir. 2000); *Williams v. Smith*, 191 F.3d 454 (6th Cir. 1999).

In this case, CCS was likely aware of the claims against it, and it has not alleged any harm suffered as a result of the failure to serve. For his part, Plaintiff maintains that he attempted unsuccessfully, but in good faith, to serve CCS. He was unsure, however, in which court to pursue service after the case was removed. Defendant does not dispute this assertion.

Accordingly, the Court finds that good cause exists to extend the time for service of process. The Court GRANTS Ripley an additional forty-five days to serve CCS and, thus, DENIES Defendant's motion to dismiss for lack of service of process.

IT IS SO ORDERED this 21st day of July, 2016.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE